Chief Justice Bibb
delivered the Opinion of the Court.
The petition according to the form prescribed by the statute, sets out the note as made by the defendant to James Wyatt; with an assignment by *527 James Wyatt junior, to John T. Jack; and an assignment from him to the plaintiff, "whereby the plaintiff hath become the proprietor thereof, of which the defendant hath had due notice.” The defendant demurred, and the court gave judgment for the defendant.
Junior is no part of a man's name.
One to whom a note is assigned, without the addition of jun. may assign it to another with it, and his assignee may maintain a petition in the usual form
__If defendant would question the identity, he must plead denying it, no demur.
Junior, is no part of the name of a man. It is neither the name of baptism, nor the name of his family. It is an addition to distinguish between two or more persons bearing the same name.
Supposing there are two persons named James Wyatt, usually distinguished by the addition senior or junior; the defendant has made the note to one of them, but to which, the note on its face does not certainly and conclusively designate. To which of the two the note was in truth made and delivered, is a question of fact; it rests in averment. That this note was made to James Wyatt junior, is a permissible averment; there is nothing in the note to estop such an allegation. The plaintiff claims the note under an assignment by James Wyatt junior, whereby he alleges “he hath become, the proprietor;” this is equivalent to and includes an averment that the note was made to James Wyatt junior. If the senior were to sue, and allege the note made to him, by the name of James Wyatt, the defendant might defeat the action by showing the note, was to James Wyatt junior; this action has been defeated below, because, the plaintiff claims under the junior, and has averred in substance, that the note was made to him. Thus the senior could not recover, because the note was made to the junior, and the junior has not been permitted to pass his title to the note, by the judgment in this case, because the note does not express on its face, whether it was made to the senior, or to the junior.
It is a question of identify, as to the right owner of the note, which can not be raised upon demurrer. The junior was the holder and indorsed it over; the plaintiff alleges that under that indorsement, he hath become the proprietor; the demurrer admits the title of the plaintiff' to the note. Yet the court gave judgment against the plaintiff.
Chinn and Brown, for plaintiff; Bana, for defendant.
Judgment reversed with costs; cause remanded, with leave to defendant to withdraw his demurrer and plead, otherwise judgment to be entered for plaintiff, on the demurrer.